# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3951-16T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

     Plaintiff-Respondent,

v.

D.S.N.L.,

     Defendant-Appellant,

and

T.T. and H.Y.,

     Defendants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF H.R.A.L.
and I.S.L., Minors.

_____

       Submitted October 2, 2018 – Decided  October 22, 2018

       Before Judges Rothstadt, Gilson, and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0101-17.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth A. Harrigan, Designated Counsel, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Carlos J. Martinez, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Joseph H. Ruiz, Designated Counsel, on the brief).

PER CURIAM

D.S.N.L. (Doris)[1] appeals from a May 3, 2017 judgment terminating her parental rights to her son H.R.A.L. (Henry) and daughter I.S.L. (Irene) and granting the Division of Child Protection and Permanency (Division) guardianship of the children, with the plan that the children be adopted. Doris argues that the Division failed to prove the four prongs under the best interests of the child test necessary for termination of parental rights. The Division and the children's law guardian urge that we affirm the judgment and allow the

---

[1] We use fictitious names and initials for the parties and children to protect their privacy and the confidentiality of the record. See R. 1:38-3(d)(12).

adoptions to proceed. Having reviewed the record in light of the applicable law, we affirm substantially for the reasons explained by Judge James R. Paganelli in his comprehensive, thirty-seven-page written opinion issued on May 3, 2017.

The facts and evidence are detailed in Judge Paganelli's opinion, which he rendered after a three-day trial. Accordingly, we need only summarize some of the relevant facts. Doris is the mother of four children. The two older children are not in her custody and are not the subject of this appeal. Henry was born in September 2007, and Irene was born in November 2014. The court also terminated the parental rights of the fathers of Henry and Irene, but they have not appealed.

Doris has a history of substance abuse. The Division has been involved with Doris since 2005, when, at the birth of one of her older children, both the child and Doris tested positive for opioids and marijuana. Doris also tested positive for marijuana use in 2007, when she arrived at the hospital for Henry's birth. Despite receiving treatment arranged by the Division, Doris tested positive for use of phencyclidine (PCP) and methadone in 2014, when she was admitted to a hospital to give birth to Irene.

Irene was diagnosed with prematurity and neonatal abstinence syndrome, and suffered from drug withdrawal symptoms, including seizures, tremors, and

respiratory distress. Irene remained in the hospital for six weeks after her birth and required medication to treat her symptoms.

Doris also has a history of mental health problems. In 2014, she underwent a psychological evaluation. Thereafter, she received various treatments. In 2015, Doris underwent a neuropsychological and psychological evaluation. The neuropsychological testing revealed impairment of her mental faculties and "overall borderline intellectual functioning."

Following the birth of Irene in November 2014, the Division sought and was granted custody of Henry and Irene. Both children have remained in foster care since their removal in 2014.

The Division provided Doris with numerous services, including substance abuse treatment programs, psychological evaluations, parenting classes, and various other assistance. Doris, however, failed to successfully complete any of the substance abuse treatment programs, and she has repeatedly tested positive for alcohol and drug use. After Doris made little progress with services, in July 2016, the Division filed a complaint for guardianship of Henry and Irene.

The guardianship trial took place in March and April 2017. The Division presented testimony from two Division workers and an expert in psychology.

4

The Division also submitted numerous documents into evidence. Doris elected not to testify.

Based on the evidence, Judge Paganelli made detailed findings. He credited the testimony of the Division workers and the Division's expert. He then made findings concerning Doris' substance abuse, her mental health problems, her inability to maintain a stable home, and her failure to comply with the various treatments the Division made available to her. Judge Paganelli then addressed the four prongs of the best interests of the child test. N.J.S.A. 30:4C-15.1(a). Applying his factual findings to the law, Judge Paganelli found that the Division had proven each of the four prongs by clear and convincing evidence.

As to prong one, the judge found that Doris had harmed Henry and Irene by exposing them to a substantial risk of physical injury by using drugs while pregnant with each of the children and exposing Henry to an unsafe environment. Addressing prong two, the judge found that Doris was unable or unwilling to eliminate the harm facing each of the children. In that regard, Judge Paganelli found that Doris had been referred to various programs related both to her substance abuse and mental health needs, but she was unable to successfully complete any of the programs and she continued to test positive for drug and alcohol use.

With regard to prong three, the judge found that the Division made reasonable efforts at reunification, including providing Doris with various evaluations, numerous treatment programs, and other assistance. The court also found that the Division had adequately explored alternatives to termination, but none of those alternatives proved viable.

Finally, with regard to prong four, the judge relied on expert testimony and found that the children's need for permanency was paramount and that termination of Doris' parental rights would not do more harm than good. In that regard, the judge found that Doris failed to offer the children a reasonable prospect of permanency. In contrast, he found that Irene would benefit from the permanency offered by her foster parents who were prepared to adopt her. The judge noted that Henry had extensive emotional and developmental issues, but also found that he would benefit from the chance of permanency by being available for adoption. Consequently, the judge terminated Doris' parental rights and granted the Division guardianship of the children.

On this appeal, Doris argues that the court erred in finding each of the four prongs under the best interests of the child test. We disagree. Each of the court's findings concerning the four prongs is supported by substantial credible evidence. N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012).

Moreover, Judge Paganelli correctly summarized the law and correctly applied his factual findings to the law.

With regard to prong one, Doris also argues that the court improperly relied on the March 2015 finding of abuse or neglect. Abuse or neglect findings under Title Nine "cannot be given collateral or preclusive effect in any subsequent and related Title Thirty proceedings." N.J. Div. of Youth & Family Servs. v. R.D., 207 N.J. 88, 93 (2011). Here, Judge Paganelli took notice of the March 2015 finding, but did not give it collateral or preclusive effect. Instead, the judge made independent findings. In that regard, the judge also relied on multiple positive drug tests and non-compliance with offered services and psychological evaluations. Therefore, the court independently found by clear and convincing evidence that Henry's and Irene's "safety, health and development has been and will continue to be endangered by their relationship" with Doris.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3951-16T2